# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LUNA, | Case No. 1:20-cv-00208-DAD-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| TARGET CORPORATION, | (Doc. 12) |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

On August 4, 2020, the parties filed a request seeking Court approval of their Stipulated Protective Order.  (Doc. 12.)  The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted.  For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II.  DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California.  Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulated protective order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, does not identify the types of information eligible for protection in anything but the broadest of terms. (*See, e.g.,* Doc. 12 at 1 ("'Confidential Material' is material constituting or containing trade secrets or other confidential research, development, or commercial information of the parties.").).

The protective order also fails to identify the parties' need for protection in anything but the most general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not addressed except in general terms. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." Specifically, the parties state that they "require a court protective order because of the highly sensitive nature of the information" but do not state why a private agreement could not protect the information. (*See* Doc. 12 at 1.)

**B.     The Protective Order Does Not Comply with Local Rule 141.1(e)**

The proposed protective order also does not comply with Local Rule 141.1(e), which states that "[d]ocuments that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141." E.D. Cal. L.R. 141.1(e).

The proposed protective order states that "all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container" and "[t]he Clerk of this Court is directed to maintain all" such documents "under seal . . . in a sealed envelope or other appropriate sealed container[.]" (Doc. 12 at 3.) Under Local Rule 141.1(e), documents may only be filed under seal "if a sealing order is first obtained in compliance with L.R. 141." Thus, the protective order must be amended to reflect that documents may only be filed under

seal in compliance with Local Rule 141 by first obtaining a sealing order from the Court that is specific to the documents sought to be filed under seal, on a request-by-request basis.

**C.     The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1 and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulated Protective Order (Doc. 12) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **August 5, 2020**                         /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE